**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4081-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SANTOS L. VARGAS, a/k/a VARGAS
PABON SANTOS, LOPEZ SANTOS,
PABON SANTOS and PABON VARGAS,

    Defendant-Appellant.

_____

        Submitted September 12, 2017 — Decided September 26, 2017

        Before Judges Reisner and Mayer.

        On appeal from the Superior Court of New
        Jersey, Law Division, Union County, Indictment
        No. 15-03-0194.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (John Douard, Assistant Deputy
        Public Defender, of counsel and on the brief).

        Grace H. Park, Acting Union County Prosecutor,
        attorney for respondent (Steven William Bondi,
        Special Deputy Attorney General/Acting
        Assistant Prosecutor, of counsel and on the
        brief).

PER CURIAM

Defendant Santos L. Vargas was convicted by a jury of second-degree robbery, N.J.S.A. 2C:15-1, and was sentenced to a discretionary extended term of thirteen years in prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. We affirm defendant's conviction. However, we remand for resentencing.

The State's principal trial evidence consisted of testimony from the victim, identifying defendant as the man who grabbed her purse and stole her cell phone. The State also presented testimony from an eyewitness, Mr. Anagbo, who heard the victim's screams and then saw defendant walking away from the victim, stuffing items in his pockets. Anagbo followed defendant from the robbery scene to a gas station a short distance away. As he followed defendant, Anagbo called 911 and reported the crime and a description of the perpetrator. While Anagbo was still talking to the 911 operator, the police arrived, and he pointed out defendant to them as the robber. A few minutes later, the police brought the victim to the gas station for a show-up identification procedure, and she immediately identified defendant as the man who robbed her. The State also introduced a video from a security camera, which recorded the robbery as it occurred.

Defendant's appeal of his conviction is limited to the denial of his pre-trial Wade[1] motion.  He also challenges his sentence.  Defendant presents the following points of argument for our consideration:

> POINT I: THE TRIAL COURT SHOULD NOT HAVE ALLOWED THE SHOWUP IDENTIFICATION TO BE USED AT TRIAL BECAUSE IT DID NOT SATISFY CONSTITUTIONAL STANDARDS OF RELIABILITY UNDER STATE v. HENDERSON AND STATE v. JONES.
>
> > A.    The Police Failed To Keep Adequate Records Of The Showup Procedure, As Required By State v. Delgado.
> >
> > B.   The Judge's Reliability Determination Failed To Clearly Account For All Of The Estimator Variables That May Bias A Showup Identification As Required By State v. Henderson, And Improperly Considered Background Knowledge That Anagbo Had Followed Mr. Vargas.
>
> POINT II: THE COURT IMPROPERLY DENIED MR. VARGAS'S APPLICATION TO DRUG COURT AND IMPOSED AN EXCESSIVE SENTENCE.
>
> > A.  The Court Improperly Denied Mr. Vargas The Opportunity To Participate In Drug Court After Failing To Give Full And Fair Consideration To His Application And Incorrectly Using His Prior Drug Court Involvement As A Basis For Rejection.

---

[1] United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967).

A-4081-15T1

1.  That Mr. Vargas Applied To Drug Court After He Was Convicted At Trial Not Only Fails To Preclude Entry Into Drug Court, But Is Assumed By Special Probation To Be An Option.

2.  The Judge Improperly Weighed Mr. Vargas's Non-Existent Record Of Violent Offenses.

3.  That Mr. Vargas Had Been Sentenced To Drug Court But Had His Probation Revoked Was Irrelevant To Whether Mr. Vargas Currently Qualifies For Admission To Drug Court.

B.  Mr. Vargas's Sentence Was Excessive.

We begin by addressing the <u>Wade</u> issue.[2] The identification took place ten to fifteen minutes after the robbery occurred. According to Officer Munoz, who drove the victim from the crime scene to the gas station, she spoke Spanish and he communicated with her entirely in Spanish. During the short drive to the gas station, Munoz told the victim that the police had detained a "possible suspect," but he did not tell her that the individual was the robber or that she had to make an identification. Officer Munoz testified that, as soon as the victim saw defendant, she

---

[2] In the trial court, the State conceded that because the victim first identified defendant to the police in the context of a show-up procedure, there was sufficient evidence of suggestibility to require a <u>Wade</u> hearing.

immediately and definitively identified him as the robber. Munoz did not have a packet of standard on-scene identification forms in the patrol car. See State v. Delgado, 188 N.J. 48 (2006). However, he and the victim filled out the forms at the police station the day after the robbery.[3]

In her hearing testimony, the victim confirmed that Munoz told her that the police had detained someone and he was taking her to see "if that was the person that had mugged me." Munoz did not tell her that the person was the mugger and did not tell her that she had to make an identification. According to the victim, she identified defendant by the gray color of the jacket he was wearing and by his light skin color. She testified that she told Munoz she was "99 percent" certain of her identification of defendant.

In an oral opinion issued September 23, 2015, the motion judge found the victim and Officer Munoz to be credible witnesses. He was convinced that the victim's identification of defendant was reliable and was a product of her perceptions at the time of the robbery. The judge found that the identification occurred in close proximity to the location of the robbery and within a few

_____

[3] Defendant has not provided us with the forms, and we therefore cannot engage in meaningful appellate review of his argument that the forms were completed improperly. See Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 55 (2004).

A-4081-15T1

minutes after the crime occurred, and concluded that the police did not unfairly influence the identification. The judge found no need for a further hearing to explore the additional factors set forth in State v. Henderson, 208 N.J. 208 (2011).

Having reviewed the record, we find no basis to disturb the judge's factual findings and credibility determinations. See State v. Cook, 330 N.J. Super. 395, 418 (App. Div.), certif. denied, 165 N.J. 486 (2000). The judge appropriately ended the hearing after listening to the credible testimony of Munoz and the victim. "[T]he court can end the hearing at any time if it finds from the testimony that defendant's threshold allegation of suggestiveness is groundless." Henderson, supra, 208 N.J. at 289. "[T]he ultimate burden remains on the defendant to prove a very substantial likelihood of irreparable misidentification." Ibid. The Wade hearing evidence did not come close to satisfying that burden.

Contrary to defendant's argument, we do not read the judge's opinion as relying on Anagbo's identification of defendant as bolstering the reliability of the victim's identification. See State v. Jones, 224 N.J. 70, 89 (2016) ("[E]xtrinsic evidence of guilt plays no role in assessing whether a suggestive eyewitness identification was nonetheless inherently reliable."). Defendant's remaining arguments on this point are without

6

sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm defendant's conviction.

Turning to defendant's sentencing arguments, we agree with defendant that in rejecting defendant's Drug Court application, the trial court mistakenly considered as a negative factor defendant's insistence on going to trial. Drug Court probation is a post-conviction sentencing alternative, which may be imposed "whenever a drug or alcohol dependent person . . . is convicted of . . . an offense" and satisfies the other relevant provisions of the statute. See N.J.S.A. 2C:35-14(a). In fact, in deciding whether to sentence a convicted offender to Drug Court, the judge "shall take judicial notice of any evidence, testimony or information adduced at the trial, plea hearing or other court proceedings . . . ." N.J.S.A. 2C:35-14 (emphasis added).

A defendant has a constitutional right to assert his or her innocence and put the State to its proofs, and a court cannot impose a "trial penalty" on a defendant who chooses to invoke that constitutional right. See N.J.S.A. 2C:44-1(c)(1); State v. Jimenez, 266 N.J. Super. 560, 570 (App. Div.), certif. denied, 134 N.J. 559 (1993). Because the trial court gave negative weight to defendant's constitutionally-protected choice in this case, we are constrained to remand this matter for a new sentencing hearing. At the time of the resentencing hearing, the court shall consider

defendant's individual situation "as he stands before the court on that day," including any changed circumstances.  See State v. Randolph, 210 N.J. 330, 354 (2012). To ensure a meaningful re-hearing, defendant shall be given a TASC evaluation prior to the hearing.

In light of the remand, it would be premature to address defendant's additional arguments concerning his sentence.

Affirmed in part, remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION